# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

LEONARD A. JOHNSON, JR.,

                                Petitioner,

       v.                                      9:15-CV-48
                                                   (LEK/ATB)

STEVEN LANGFORD,

                                Respondent.

LEONARD A. JOHNSON, SR., Petitioner, pro se
CHARLES E. ROBERTS, AUSA, for the Respondent

ANDREW T. BAXTER, U.S. MAGISTRATE JUDGE

## REPORT-RECOMMENDATION

This matter has been referred to me for Report and Recommendation, pursuant to

28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c), by the Honorable Lawrence E.

Kahn, Senior United States District Judge.

Presently before this court is a petition, seeking a writ of habeas corpus, pursuant

to 28 U.S.C. § 2241. (Petition ("Pet.")) (Dkt. No. 1). Petitioner is confined at the

Federal Correctional Institution ("FCI") Ray Brook, New York. Petitioner argues that

the Bureau of Prisons ("BOP") has failed to properly calculate his federal sentence by

crediting him for the time he served in a state facility between July 31, 2006 and

September 12, 2012. (Pet. at 6-7; Pet. Mem. of Law at 2-4, 6).

Respondent has filed an answer and memorandum of law, together with the

affidavit of Patricia Kitka, a Correctional Programs Specialist at the Designation and

Sentence Computation Center ("DSCC") in Grand Prairie, Texas. (Dkt. No. 8, 8-1–8-

14). Ms. Kitka works in the area of inmate sentence computation. (Kitka Decl. ¶ 1)

(Dkt. No. 8-1). Respondent argues for denial of the petition, claiming that petitioner's

requested relief is barred by statute and the BOP's Program Statements. (Dkt. No. 8).

For the following reasons, this court agrees with respondent and will recommend denial

of the petition.

## DISCUSSION

I.   **FACTS**

The factual background of this case is not disputed.  I will summarize the facts in

order to provide the background for petitioner's claim.  Petitioner was arrested on

November 2, 2005 by officers of the York Pennsylvania Police Department after an

investigation involving illegal drug activity and a shooting. (Kitka Decl. ¶ 5 & Att. 1)

(citing Presentence Report ("PR") at pp.3-5, ¶¶ 1-11; Dkt. No. 8-2).  The offenses

occurred on October 13 and 31, 2005.  The offenses involved the sale of cocaine to a

confidential source and a subsequent argument between petitioner and two suspected

drug dealers about their territory.  The argument resulted in petitioner committing a

drive-by shooting, missing the drug dealers, but hitting an uninvolved victim who was

standing on her porch.  The victim survived the shooting. (*Id.*)

Petitioner was charged in Pennsylvania state court (MJ-19104-CR-352-2005)

with the drug sale as well as two firearm charges. (Kitka Decl. ¶ 6 & Att. 2 (Penn. Dkt.

Sheet at p.2; Dkt. No. 8-3)).  On November 30, 2005, while petitioner was in state

custody, he was charged in a four-count indictment in the United States District Court

for the Middle District of Pennsylvania. (Kitka Decl. ¶ 7 & Att. 1, ¶1).  The federal

charges were – (1) Distribution and Possession with Intent to Distribute Cocaine Base

(Crack), Aid & Abet – 21 U.S.C. § 841(a)(1) & 18 U.S.C. § 2; (2) Use of Firearms

During, in Relation to, and in Furtherance of a Drug Trafficking Crime – 18 U.S.C. §

924(c)(1)(A); (3) Conspiracy to Distribute and Possess with Intent to Distribute

Cocaine Base (Crack) – 21 U.S.C. § 846; and (4) Firing a Weapon into a Group of Two

or More Persons in Furtherance of a Conspiracy to Distribute Controlled Substances –

18 U.S.C. § 36(b). (*Id.*)

On December 13, 2005, petitioner was "borrowed" from state custody by means

of a writ of habeas corpus ad prosequendum ("writ ad pros") for his arraignment in

federal court. (Kitka Decl. ¶ 8 & Att. 3) (Dkt. No. 8-4).  He was returned to state

custody immediately after his federal appearance. (*Id.*)  Petitioner remained in state

custody.  On January 5, 2006, petitioner pled guilty to unrelated charges in state court

which involved Robbery and Threat of Serious Injury (CP-67-CR-3387-2005 & CP-67-

CR-37112005). (Kitka Decl. ¶ 9 & Att. 4).  On January 6, 2006, all charges in the state

court firearm and drug case (MJ-19104-CR-352-2005) were dismissed in favor of the

federal prosecution. (Kitka Decl. ¶ 10 & Atts. 4, 5) (Penn. Crim. Dkt. Sheets).

Petitioner remained in state custody because he was pending sentencing on the January

5th state court Robbery conviction as well as another unrelated state charge to which he

pled guilty on March 13, 2006 (6957-2005). (*Id.* & Atts. 4, 5, & 6).

A one-count superceding information was filed in the federal action on April 18,

2006, charging that on October 31, 2005, petitioner possessed a firearm in furtherance

of a drug trafficking crime and discharged the weapon, resulting in injuries to a victim

in violation of 18 U.S.C. § 924(c)(1)(A)(iii). (Kitka Aff. Att.1 ¶ 3).  Petitioner appeared

in federal court on April 21, 2006 and pled guilty to the superceding information. (*Id.*

3

¶ 4). On July 13, 2006, petitioner was again brought into federal custody for sentencing on the above federal charges by writ ad pros. (Kitka Aff. ¶ 11 & Att. 3). Petitioner was sentenced to 120 months imprisonment. The judgment is silent as to the effect of any other sentence petitioner might receive in any other case. (Kitka Aff. Att. 7) (*United States v. Johnson*, CR-05-460-1 (M.D. Pa. July 13, 2006) (Judgment & Commitment Order)).

After his federal sentencing on July 13, 2006, petitioner was returned to state custody, and the federal judgment was lodged as a detainer against petitioner. (Kitka Decl. ¶ 13 & Atts. 3, 9 at p.4). On July 31, 2006, petitioner was sentenced in Pennsylvania state court on the unrelated state court Robbery charges - (CP-67-CR-3387, 3711-2005 & 6957-2005). (Kitka Decl. ¶ 14). Petitioner was sentenced to a term of 5 to 10 years incarceration in Case No. 3387-2005; 12 months probation in Case No. 3711; and 6 to 23 months incarceration in Case No. 6957-2005. (*Id.* & Att. 8) (*Commonwealth v. Johnson*, CP-67-CR-3387, 3711-2005 & 6957-2005 (Sentencing Transcript ("ST")) (Dkt. No. 8-9). All of the state sentences were concurrent to each other, and at the sentencing hearing, the court and petitioner's counsel both stated that they believed the state sentences would also be concurrent to petitioner's federal sentence. (Kitka Decl. Att. 8, ST at 2, 3, 4).

Petitioner then began serving his state court sentence. Petitioner was released from state custody on September 12, 2012 and was turned over to the United States Marshal's Service for transportation to begin his federal sentence. (Kitka Decl. ¶ 15, Att. 3 at 2). The BOP calculated the petitioner's sentence as commencing on

September 12, 2012, based upon 18 U.S.C. § 3585 and BOP Program Policy Statement ("PPS") 5880.28-Sentence Computation Manual. (Kitka Aff. ¶ 16 & Att. 10 at 4). Petitioner was given jail credit on his federal sentence from November 2, 2005 until July 30, 2006. (*Id.*) If petitioner's 120 month federal sentence began to run on September 12, 2012, it would make the federal term of incarceration consecutive to the state court term.

## II.    PROCEDURAL HISTORY

On March 13, 2013, petitioner filed a "Request for Administrative Remedy" with the BOP, requesting that his federal sentence be credited with the time that he spent in state custody from October 2, 2005 until September 12, 2012. (Kitka Decl. Att. 13 at p.2) (Dkt. No. 8-14). Petitioner seeks credit for 2,235 days. Petitioner cited *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990) in which the court allowed the BOP to designate a non-federal facility nunc pro tunc, for the service of a federal sentence. (*Id.*) The Warden denied petitioner's request on April 10, 2013. (*Id.* at p.3). Petitioner appealed the Warden's decision to the Regional Director, who denied the appeal on June 12, 2013. (*Id.* at p.5). Petitioner appealed the Regional Director's decision to the Central Office. (*Id.* at p.6). Petitioner's final appeal was denied on August 9, 2013.

## III.   SENTENCE CALCULATION

### A.    Legal Standards

A federal sentence cannot begin to run until its imposition, and until the defendant is in federal custody. However, under 18 U.S.C. § 3621(b), the BOP has the authority to designate a non-federal facility as a place of federal confinement. *Abdul*

*Malik v. Hawk Sawyer*, 403 F.3d 72, 73 (2d Cir. 2005). The result in such a case is that

the federal and state sentences would run concurrently. *Id.* (citing *McCarthy v. Doe*,

146 F.3d 118, 122-23 (2d Cir. 1998)). *See also Barden v. Keohane*, 921 F.2d at 480

(state incarceration may be credited to federal sentence if the BOP nunc pro tunc

designates state facility as the facility where petitioner served part of his federal

sentence). The following factors are considered under section 3621(b):

(1)     the resources of the non-federal facility;

(2)     the nature and circumstances of the offense;

(3)     the history and characteristics of the prisoner;

(4)     any statement by the sentencing court; and

(5)     any pertinent policy statement issued by the Sentencing Commission
        pursuant to 28 U.S.C. § 994(a)(2).

The BOP is under no obligation to grant a nunc pro tunc designation, but the

BOP must consider the language of the federal and state judgments, the state sentencing

records, and any other pertinent information relating to the federal and state sentences.

BOP PPS 5160.05(9)(b)(4)(b) (governing inmate requests for nunc pro tunc

designations). The BOP has wide latitude in its decision to grant or deny a nunc pro

tunc designation, and its determination is subject to review by the court for abuse of

discretion. *Barden*, 921 F.2d at 478.

**B.     Application**

In this case, petitioner filed his first administrative remedy request on March 13,

2013, requesting that "the BOP . . . credit his federal sentence with the time he spent in

state custody from . . . October 2, 2005, by designating the state facility as his place of

6

confinement for his federal sentence" in accordance with *Barden*. (Kitka Decl. Att. 13 at p.2). Petitioner carefully explained that the state court judge specifically stated on the record at his state sentencing hearing that all three of petitioner's state sentences would be "totally concurrent" to a "federal sentence he is serving . . . ." (*Id.*) Petitioner argued that the facts were unusual and compelling, and that the state court judge who sentenced him believe the sentence that she was imposing would be served concurrently to his federal sentence, which was imposed eighteen days prior to the state sentences.[1] (*Id.*)

The initial administrative remedy request was answered by the warden, who stated that petitioner's request was "reviewed." (*Id.* at 3). In his response, without a great deal of explanation, the warden stated that the BOP was "prohibited by statute" from awarding petitioner the relief he requested. (*Id.*) Instead, the warden noted that petitioner was given credit for his incarceration from November 2, 2005 until July 30, 2006 because the state did not award credit on the state sentence for that time. (*Id.*) The warden then stated that, to the extent that petitioner was requesting a review under *Barden* and a nunc pro tunc determination, he must "continue with the Administrative Process."[2] (*Id.*)

Petitioner appealed the warden's decision to the BOP Regional Director. (*Id.* at

---

[1] This language from the state court sentencing transcript indicates that the state court judge may have been under the mistaken impression that petitioner had already begun to "serve" his federal sentence because it was imposed prior to the state court sentences. (*See* Att. 8 at 4).

[2] The authority to designate a state institution for concurrent service of a federal sentence is delegated to the BOP Regional Directors. BOP PPS 5160.05(8). Thus, the warden had no authority to conduct such a review or grant petitioner's administrative remedy.

4).  The Regional Director stated that petitioner's request for a "*Nunc Pro Tunc*"

determination would have to await another level of review and forwarded petitioner's

request to the Designation and Sentence Computation Center in compliance with BOP

PPS 5160.03. (*Id.* at 5).  On August 9, 2013, petitioner finally received an answer to his

request for a nunc pro tunc determination under *Barden*. (*Id.* at 7-8).  The BOP ruled

that:

> Your instant federal offense is Title 18 U.S.C. § 924(c) - Use
> and Discharge of a Firearm During, in Relation to, and in
> Furtherance of a Drug Trafficking Crime.  Title 18 U.S.C. §
> 924(c) requires a mandatory minimum term to be served
> consecutive to any other term of imprisonment.

(*Id.* at 7).  Because of the directive in section 924(c), the BOP determined that "a *nunc*

*pro tunc* designation is not consistent with the goals of the criminal justice system due

to the nature of your current federal conviction." (*Id.* at 7-8).  Finally the BOP

determined that petitioner's sentence was properly computed "as directed by federal

statute, the intent of the *federal sentencing court* and Program Statement 5880.28,

Sentence Computation Manual (CCCA of 1984). (*Id.* at 8) (italic emphasis added).

Petitioner acknowledges this language in section 924(c), but argues that

Congress only meant to have this section apply to any "federal offenses" not to state

offenses because "they clearly do not have authority to make state law," and that "any

other term of imprisonment only relates to federal terms of imprisonment not state

terms of imprisonment." (Pet. at 3-4) (Dkt. No. 1-1).  Petitioner argues that the intent of

the state court judge was for petitioner to serve his state and federal terms concurrently.

While it is quite clear from the sentencing transcript that the state court judge

believed that the state and federal sentences would run concurrently, the intent of the state court judge cannot change federal law. *Abdul Malik*, 403 F.3d at 75 (citing *McCarthy v. Doe*, 146 F.3d at 120-21 (state court's intent is not binding on federal authorities)). In *Ka v. Warden*, No. 8:13-1957, 2014 WL 4793844, at *7 n.5 (D.S.C. Sept. 25, 2014), the petitioner argued, in addition to other claims, that the federal authorities improperly failed to recommend a nunc pro tunc designation. *Id.* at *3. Although the petitioner in *Ka* ultimately abandoned his nunc pro tunc argument, the court ruled alternatively in a footnote that the BOP did not abuse its discretion in denying the nunc pro tunc designation and in finding that petitioner was ineligible for a nunc pro tunc designation, based upon the petitioner's conviction for a violation of 18 U.S.C. § 924(c). *Id.* at *7 n.5. The state court in *Ka* had also ordered the state and federal sentences to run concurrently, but the federal judgment was silent on the issue.[3] *Id.* at *8.

Petitioner's argument in this case that "any other term" means any other "federal" term of imprisonment cannot succeed. If Congress had intended that meaning, then it would have inserted "federal" in the statute, given that defendants often have multiple

---

[3] In *Setser v. United States*, __ U.S. __, 132 S. Ct. 1463, 1468 (2012), the Supreme Court held that judges may determine whether the sentences they impose will run concurrently or consecutively with sentences they impose or with sentences that have been imposed in other proceedings, including state proceedings, and even if the state sentence has not yet been imposed. *Setser* recognized that "a majority of the federal appellate courts" recognized a similar authority. The Second Circuit was one of those federal appellate courts cited in *Setser* as allowing a federal judge to anticipate a state sentence and indicate whether the federal sentence would run concurrent or consecutive to the state sentence. *Id.* (citing *Salley v. United States*, 786 F.2d 546, 547 (2d Cir. 1986). Thus, in this case, even if the state sentence had not yet been imposed, the federal judge could have, if it were not for section 924(c), made a federal sentence run concurrently to the future state sentence. Based on the prohibition in section 924(c), the federal judge would not have done so.

convictions in multiple jurisdictions. In *Setzer*, the Court quoted a rule of statutory interpretation that the court must "'give effect . . . to every clause and word of the Act.'" 132 U.S. at 1470 (citation omitted). This section of the statute is not ambiguous, and may be interpreted as "any" other sentence, not merely any "federal" sentence. In *Calhoun v. Stine*, No. 6:07-CV-182, 2008 WL 185841, at *2 (E.D. Ky. Jan. 18, 2008), the court specifically stated that the provision for consecutive sentences in section 924(c)(1)(D) applies to "any other federal *or state sentence*."

BOP PPS 5160.05 provides the instructions for the designation of a state institution for concurrent service of a federal sentence. (Kitka Decl. Att. 11). The rule references the statutory authority allowing such a designation. (BOP PPS 5160.05(7)). The rule also states that the "state has no authority to order commencement of a federal sentence." (BOP PPS 5160.05(7)(g)). The rule states that "no concurrent designation will be considered when statutory language mandates consecutive service or the U.S. Sentencing Guidelines require consecutive service." (BOP PPS 5160.05(7)(e)). The BOP gave full and fair consideration to petitioner's request. Section 924(c) mandates consecutive service of sentences, thus, the BOP did not abuse its authority in denying petitioner a nunc pro tunc designation because it had no authority to make such a designation, given the statutory language.[4]

---

[4] The Kitka Declaration states that, based upon petitioner's conviction under section 924(c), and the statute's "mandatory language" regarding consecutive sentences, the BOP did not continue with the *Barden* review. (Kitka Decl. ¶ 19). The petitioner's final administrative review response cites *Barden* and states that the BOP reviewed the appeal according to the factors provided in 18 U.S.C. § 3621(b). (Kitka Decl. Att. 13 at p.7). The BOP decision then cited section 924(c) and its requirement of consecutive sentences. The BOP decision then states that "based on the foregoing, we have determined that a *nunc pro tunc* designation is not consistent with the goals of the criminal justice system due to the nature of your current federal conviction." (*Id.* at 7-8). The "nature and circumstances of the

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the petition be **DENIED** and **DISMISSED**.[5]

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. These objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of HHS*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: July 20, 2015

_____
Hon. Andrew T. Baxter
U.S. Magistrate Judge

---

offense" is one of the section 3621 factors. *Barden* holds that the petitioner is entitled to have his nunc pro tunc request "considered," not that he is entitled to any particular determination. 921 F.2d at 483-84. *Accord McCarthy v. Doe*, 146 F.3d at 122 (adopting *Barden* in the Second Circuit). The court notes that Program Specialist Kitka may be referring to the procedures listed in BOP PPS 5160(9)(b)(4)(a)-(b)(4)(f). This section states that if the federal sentence is imposed first, and there is no order or recommendation regarding the service of the federal sentence relative to the "yet to be imposed state term," a letter will be sent to the sentencing court (the Judge, the United States Attorney and/or Probation Office) inquiring whether the court has any objections to the designation. Program Specialist Kitka may be stating that because the BOP found petitioner ineligible, the rest of the procedures need not have been followed. Petitioner did receive his *Barden* review, but the review indicated that he was ineligible and therefore, nunc pro tunc designation was not appropriate in his case.

[5] The court does not recommend any ruling with respect to a certificate of appealability ("COA") because such a certificate is not required in the appeal of a denial under 28 U.S.C. § 2241. *Drax v. Reno*, 338 F.3d 98, 106 n.12 (2d Cir. 2003); *Roukis v. United States Army*, No. 10-CV-2219, 2014 WL 6238416, at \*7 (S.D.N.Y. Nov. 14, 2014) (citing *Drax, supra*). *See* 28 U.S.C. § 2253(c)(1) (listing appeals which require a COA). *Cf. Cespedes v. United States*, No. 01-CV-2249, 2001 WL 811929, at \*1 (E.D.N.Y. June 11, 2001) (noting that the Second Circuit granted a COA in the appeal of a prior order in which a section 2241 action was treated as a motion under 28 U.S.C. § 2255, in which a COA is statutorily required).